## 41201. LEWIS v. THE STATE.
(320 SE2d 161)

MARSHALL, Presiding Justice.

The appellant, Kenneth C. Lewis, was convicted of the malice murder and armed robbery of Gary Fisher. For the convictions, he received concurrent sentences of life imprisonment. He appeals. We affirm.

The appellant was coindicted with James Bruce Talley. A motion for severance was granted.

The evidence showed that the victim lived with his brother, Ricky Fisher. Ricky testified that on March 23, 1983, his brother, Gary, had approximately $1,200 to $1,300 with him to buy marijuana, and that he did not see Gary again after Gary left the house on Thursday, March 24. Ricky had been informed that Gary left with the appellant and Talley. That weekend, Ricky called the appellant and Talley to ask where his brother was. The appellant responded that he did not know; and Talley stated that he, the appellant, and the victim were pursuing a drug deal and that three men in a Cadillac kidnapped the victim when their van ran off an icy road. Ricky filed a missing-persons report with county and city authorities.

Taped statements of the appellant to the police were given at the Cobb County jail on March 29 and at the Pickens County jail on March 30. These statements were similar in that in both statements the appellant admitted that he and Talley had discussed robbing and killing the victim before they picked him up at his apartment.

In the first statement, the appellant stated that he and Talley, who worked together, got off work at approximately 9:30 a.m. on March 24 due to a snow storm. He stated that from 9:30 a.m. until that afternoon he and Talley drank beer and mixed drinks and took cocaine and speed. In the afternoon, he and Talley were riding in Talley's van, and they picked up the victim at his apartment to take him to buy the marijuana. As the three rode up I-75 north, Talley's van ran off the icy road into a ditch, and a tow truck was required to pull it out. The parties continued to Highway 5 and pulled off on East Bell's Ferry Road, a dirt road in Cherokee County. The appellant and Talley were very drunk, and Talley suggested that they kill Fisher for his money, but the appellant thought that Talley was joking. However, the three of them got out of the van, and the appellant grabbed Fisher while Talley got a machete from under the front seat. Talley swung at Fisher, but accidentally hit the appellant on the hand and wrist. The appellant let Fisher go, and Talley chased him through the woods. Talley returned a few minutes later and took the appellant to Kennestone Hospital. At the hospital, he gave the appellant $200 and then left.

In his second statement, the appellant stated that after they got

out of Talley's van, Talley held Fisher, and he told the appellant to get the machete and hit Fisher; however, the appellant could not hit Fisher with the machete, and he gave it to Talley. Fisher then ran, and Talley swung and hit the appellant instead of Fisher. The appellant also stated that he wore an Atlanta Braves baseball cap, but that he did not go into the woods.

Talley initially gave a statement that three men in a Cadillac kidnapped Fisher. Talley gave a subsequent statement similar to the appellant's, except that Talley alleged that it was the appellant who chased Fisher into the woods and cut him.

Following the statements, Talley unsuccessfully tried to show the law enforcement authorities where the body was located, whereas the appellant led the authorities directly to the location of the body. There were multiple chop wounds to Fisher's head and neck. A path of broken branches led from the road through a wooded area to the body. There, the police found evidence of a scuffle, a Braves baseball cap, and a bloodied brick. Hair was recovered from the location. Two $5 bills were found in the victim's clothing.

A forensic expert from the State Crime Laboratory testified that hair samples from the scene where the body was located matched the appellant's hair samples but did not match Talley's.

In this appeal, the appellant has filed three enumerations of error.

1. In the first enumeration of error, he argues that photographs of the deceased, taken just prior to the autopsy, were erroneously admitted in evidence over objection, in that the introduction of these photographs was not necessary to establish any material fact, and the photographs were inflammatory. We find this enumeration of error to be without merit.

It has been held that a photograph which depicts the victim after autopsy incisions are made, or after the state of the body is changed by authorities or the pathologist, will not be admissible unless necessary to show some material fact which becomes apparent only because of the autopsy. *Brown v. State*, 250 Ga. 862 (5) (302 SE2d 347) (1983). However, *Brown* also recognizes that, "[a] photograph which shows mutilation of a victim resulting from the crime against him may, however gruesome, have relevance to the trial of his alleged assailant." 250 Ga. at p. 867.

The present photographs showed the mutilation of the victim resulting from the crimes against him and not the further mutilation caused by an autopsy. Therefore, the photographs were not inadmissible for the reasons alleged.

2. In the second enumeration of error, the appellant argues that the evidence offered by the state did not authorize the trier of fact to find the appellant guilty beyond a reasonable doubt of the offense of

armed robbery. In this regard, the appellant argues that the state's evidence failed to prove that property was taken from the victim. We disagree.

In this case, there was evidence that the victim had a large amount of money in his possession before he was killed, but not when his body was recovered. There was further evidence that robbery was the motive for the murder, and that the appellant received $200 from Talley after the appellant had been taken to Kennestone Hospital. This evidence was sufficient to authorize a rational trier of fact in finding the appellant guilty of armed robbery. Cf. *Rivers v. State*, 250 Ga. 288 (1) (298 SE2d 10) (1982) with *Conner v. State*, 251 Ga. 113 (1) (303 SE2d 266) (1983).

3. In the third enumeration of error, the appellant argues that his out-of-court statements to police were obtained from him involuntarily and in violation of his Miranda rights, because the police had informed him that Talley had accused him of committing the murder. We find this enumeration of error to be without merit.

The trial judge admitted these statements in evidence, after holding a Jackson v. Denno hearing and ruling that the statements were made by the appellant freely and voluntarily after he had been given his Miranda warnings. This ruling is supported by the evidence.

Since the appellant made these statements after he had been given his Miranda warnings and waived his right to remain silent, the statements are admissible even if they were activated by statements of the police that were the "functional equivalent" of an interrogation. See Rhode Island v. Innis, 446 U. S. 291 (100 SC 1682, 64 LE2d 297) (1980).

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 26, 1984.

*Conrad & Abernathy, H Christopher Keown,* for appellant.
*Rafe Banks III, District Attorney, Wallace W. Rogers, Jr., Assistant District Attorney, Michael J. Bowers, Attorney General, J. Michael Davis,* for appellee.